FILED

JUN 2 1 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

### THE UNITED STATES DISTRICT COURT FOR,

### WESTERN DISTRICT OF TEXAS.

### SAN ANTONIO DIVISION

_____

**R IVAS, SANTIAGO DE JESUS**          X

**Petitioner**

SA10CA0512 XR

**Vs.**                                              NO.: SA-07-CR 540 (03)-XR

**THE UNITED STATES OF AMERICA**

**Respondent**

_____X

### MEMORANDUM OF LAW IN SUPPORT

### OF PETITION OF ERROR CORAM NOBIS

### UNDER 28 U.S.C. § 1651.

### RE: MOTION FOR POST CONVCTION RELIEF

## I.  **CUSTODY**

Petitioner is in the **physical custody** of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the Willacy County Detention Center in Raymondville Texas. ICE has contracted with Willacy County Detention Center 1800 Industrial Drive, Raymondville Texas 78580 to house immigration detainees such as Petitioner. Petitioner is under direct control of respondents and their agents.

## II.  **JURISTDICTION**

This action arises under the Constitution of The United States, and the Immigration Nationality Act ("INA"), **8 U.S.C. § 1101** et seq., as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ('IIRIRA"), Pub. L. **No. 104 – 208, 110 Stat. 1570**, and the Administrative Procedure act **("APA"), 5 U.S.C. § 701 et seq.**

This Court has jurisdiction under **28 U.S.C. § 2241; art. I § 9, cl. 2** of the United States Constitution ("Suspension Clause"); and **28 U.S.C. § 1331**, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to **28 U.S.C. § 2241, 5 U.S.C. § 702**, and the All **Writs Act, 28 U.S.C. § 1651.** Petitioner has exhausted any and all administrative remedies to the extent required by law.

## III.  **VENUE**

Pursuant to **Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 – 500 (1973),** venue is apprpriate within the United States District Court for the Western District of Texas, San Antonio Division, as the convition which is the subject of this motion within that juridiction.

## II.        PARTIES

1.  **Petitioner** is native and citizen of The Dominican Republic. On or about December of 2009 the Department of Homeland Security instituted removal proceedings against Petitioner by issuing a Notice to Appear. Petitioner was taken into custody on **January 17th, 2010** and currently being held by Immigration and Custom Enforcement (Hereinafter "ICE") at the Willacy County Detention Center in Raymondville Texas. Petitioner is pending removal proceedings under case # **A-018630410** and has remained in ICE custody continuously since that date.

2.  Respondent, **ERIC H. HOLDER JR.,** is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act ("INA"). As such, Eric H. Holder Jr., has ultimate custodial authority over Petitioner.

3.   Respondent, **JANET NAPOLETANO,** is the Secretary of Homeland Security. She is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act ("INA"). As such, Janet Napolitano is the legal custodian of petitioner.

4.  Respondent, **MICHAEL J. PITTS,** is the field Office Director for Deportation and Removal in the Willacy County Detention Center Field Office of ICE and is Petitioner's immediate custodian. *See Vasquez v. Reno*, 233 F.3d 688, 690 (1st **Cir.2000), cert. denied, 122 S. Ct. 43 (2001).**

5.  Respondent, **ROBERT TREON,** Warden of the Willacy County Detention Center, where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

3

TO THE HONORABLE COURT:

Petitioner, **Rivas, Santiago De Jesus,** (hereinafter "Petitioner"), who appears *Pro Se*, hereby petitions this Honorable Court for **writ of error *Coram nobis* Pursuant to 28 U.S.C § 1651** and respectfully moves this Honorable Court to vacate the guilty plea in the above captioned cause. The grounds for this petition are as follows:

1) This Petition attack's Petitioners guilty plea conviction and sentence for plea of guilt of count one involving the following offenses: **21 U.S.C. § 846** Conspiracy to distribute a controlled substance, which offense involves detectible amounts of anabolic steroids; contrary **to 21 U.S.C. §841 (a) (1) & 21 U.S.C. §841 (b) (1)(D) in case # SA-07-CR 540 (03)-XR in the Western District of Texas, San Antonio Division.**

2) On **February 14th, 2008,** Petitioner entered a guilty plea to a one count indictment.

3) Petitioner's counsel did not file an appeal from the judgment and conviction in this case.

4) Aside from the instant petition for the writ of Coram nobis an Affidavit is filed simultaneously with this petition.

5) The Petitioner seeks to vacate his conviction, judgment and sentence on the following ground:

**(a)**The guilty plea was entered into involuntarily and unknowingly due to the trial courts failure to adequately warn the petitioner of possible immigration consequences of pleading guilty, in violation of **Federal Rule of Criminal Procedure 11 (b) (1) and Tex. Code, Ann. Crim. Proc., Art. 26.13 (a) (4).**

## STATEMENTS OF THE FACTS.

1. Petitioner, **Santiago De Jesus Rivas**, is a native and citizen of the Dominican Republic.

2. Petitioner is a **Lawful Permanent Resident** of the United States for <u>over</u> **Forty years.**

3. Petitioner **legally** entered the United States **June 3rd, 1969** as a **Lawful Permanent Resident.**

4. The petitioner entered his guilty plea in the above-styled cause and rendered judgment on **February 14th, 2008. (See** Judgment attached; **Exhibit -A).**

5. This petition attacks Petitioner's guilty plea **conviction and sentence** for Conspiracy to Distribute a Controlled Substance: case # **SA-07-CR 540 (03)-XR** rendered by the Honorable Judge Xavier Rodriguez of the District Court of Texas for San Antonio County.

6. Petitioner's attorney did not file a notice of appeal from the **conviction and sentence** in the criminal case.

7. The Court gave petitioner an adjudication of guilt and sentenced to 30 months of incarceration and imposed supervision.

8. During the guilty plea proceedings, the Petitioner was not warned of or advised of the immigration consequences of pleading guilty to a crime of a felony of which a sentence of one year or more could be imposed.

9. Nevertheless, not only is the Court at fault in the way it attempted to advise or warn the Petitioner that a plea of guilty to the charge can affect his right to remain in this country, defense counsel also contributed to in this error; **(See sentencing transcript; Exhibit -B).**At no point in time did  Defense counsel ever advise, inform, or discuss potential immigration consequences which could result from his guilty plea.

5

10. In actual fact, not only did petitioner's counsel fail to advise petitioner of the immigration consequences, the court blatantly disregarded any advisals as to the immigration status of the petitioner and stated "*I am not going to worry about that now*". The Court in **Padilla v. Kentucky** (No. 08-651)253 S.W. 3d 482, 483 **(Ky. 2008)** *recognized a similar statement in it's decision: "do not have to worry about immigration status since he had been in the country so long"*. The Court in **Padilla** held that the erroneous advice to the petitioner concering deportation consequences triggered a "collateral" attack and reversible error.

11. The Petitioner has exhausted all other remedies available and were it not for counsel's ineffective assistance and total lack of representation violating the fourth and six amendments, **petition 28 U.S.C. 2255** was inaccessible. Petitioner's counsel, not only misinformed, but also disregarded application for Notice of Appeal after sentencing **See Strickland v. Washington**, **466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)** causing ineffectiveness of counsel.

12. Furthermore, the guilty plea was entered into involuntary and unknowingly due to the trial Court's failure to adequately warn of potential consequences of the plea in violation of **Federal Rule of Criminal Procedure 11 (b) (1).**

## ARGUMENT AND AUTHORITY OF LAW

**1.**        Pursuant to **Federal Rule of Criminal Procedure 11 (b) (1)** "Set forth requirements for a Plea allocution is designed to ensure that a defendant's Plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant. *U.S. v. Andrades*, **169 F. 3d 131,133 (2nd Cir. 1999)"** The Fifth Circuit has identified three core concerns in plea proceedings: **(1)** absence of coercion, **(2)** full understanding of the charges and **(3)** a realistic appreciation of the consequences of the plea. *United States v. Garcia*, **983 F.2d 625,627-28 (5th Cir. 1993);** *Sean Zhang v. U.S.* **506 F. 3d 162:2007; Tex. Crim. P. Code Ann. §26.13(a) (4).** *Fakeye v. State*, **192 S.W. 3d 12 (Tex. App. 2006).** Prior to accepting a guilty plea, the Court must advise the defendant of his right to plea not guilty and of the rights waived by pleading guilty; the Court must vacate a plea that is not shown knowing and voluntary. In Texas, the voluntarism of a guilty plea depends on whether the defendant was aware of the direct consequences of the plea and those consequences listed in **Tex. Code, Ann. Crim. Proc., Art. 26.13 (a) (4).** According to Texas Criminal Proceedure, before a judge accepts a plea, he or she is required to **advise** or **warn** the defendant of the immigration consequences of pleading guilty. *See Fakeye v. State*, **192S.W. 3d. 12(Tex.App.2006).** To be clear, the Petitioner is not contending that the Court ignored or evaded **Federal Rule of Criminal Procedure 11 (b) (1)** directive- it did not. Rather, Petitioner bases his argument upon the way the Court instructed him about the immigration consequences of pleading guilty to the charge, as well as defense counsel's total evasion to advise or warn the defendant of the immigration consequences of pleading guilty. "Had the Petitioner been fully warned about the immigration consequence of his guilty plea to a charge of a felony of which a sentence of one year or more could be imposed, he would not have entered a guilty plea. Rather, he would have insisted on going to trial and contested the government's evidence". **Therefore**, Petitioners plea should be deemed involuntary and vacated.

2.      The Due Process clauses of the United States and Texas Constitutions require that when accepting a plea of guilty, the court must inquire into the defendant's understanding of the plea so that the record contains an affirmation showing that the plea was intelligent and voluntary. **See Boykin v. Alabama, 395 U.S. 238 (1969).** Boykin also held that "[w]e cannot presume a waiver of these . . . important federal rights from a silent record." Id. at 243.After considering Boykin and cases decided in its wake. An involuntary plea is a recognized ground for **Post Conviction Relief.**

3.      Petitioner relied on counsel that the acceptance of the plea of guilt was based at a reliable determination on the voluntarism issue which satisfies the constitutional rights of the defendant. In **regard to Jackson v. Denno, 378 U.S. 368, 387, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964) and Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956)**. While the *Jackson* and *Griffin* cases did not deal with the right to counsel at a particular stage of a judicial proceeding, they may be considered to be directly related to the fairness and reliability of the truth finding process. *Jackson* dealt with the admissibility of possibly unreliable coerced confessions; *Griffin* protected the right of an indigent to an effective appeal.

4.      Petitioner contends he is entitled to the extraordinary relief of the writ because when Petitioner plead guilty, he did so with ineffective assistance of counsel. The Fifth Circuit has noted "the writ of Coram nobis is an extraordinary remedy available to a petitioner no longer in **"custody"** who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief. Accordingly, this writ will issue only to correct errors resulting in a complete miscarriage of justice"; Also, where the petitioner is no longer physically confined and the sentence imposed for the conviction has expired,

8

Petitioner seeks relief through a **writ of error Coram Nobis. See *U.S. v. Castro*, 26 F.3d. 577, 559 (5th Cir.1994).** Petitioner has completed the sentence imposed of 30 months "Adverse collateral consequences of a conviction do not render an individual in custody." **See *U.S. v. Esogbue*, 357 F. 3d. 532, 534 (5th Cir. 1994).** Deportation is considered a collateral consequence which attack the instant writ. If a Petitioner files his petition in the Court of his conviction and faces the possibility of deportation after serving his sentence, the Court has jurisdiction to hear his petition for a writ of Coram nobis. **See *U.S. v. Kwan*, 407 F. 3d 1005, 1009 (9th Cir. 2005).**

5.      In ***Padilla v. Kentucky*, 599 U.S.____(2010)** the Supreme Court held that in light of the unique severity of deportation and the reality that immigration consequences of criminal convictions are inextricably linked to criminal proceedings. The Sixth Amendment requires defense counsel to provide affirmative, competent advice to a non-citizen defendant regarding the immigration consequences of a guilty plea, and, absent such advice of non-citizen may arise a claim of ineffective assistance of counsel. *For example,* in ***Song Sun v. State*, 130 S.W. 3d 496 (Tex. App. Dallas 2004),** the petition for discretionary review was refused (Sep.22, 2004), and the Court of Appeals held that "*a criminal record that is silent with regard to any specific admonishment that a guilty plea could result in deportation is insufficient under the statute, and the failure of the trial court to generally admonish regarding potential deportation consequences harmed the defendant.*" **Therefore,** in light of the above, Petitioner has met both parts of the ***Sang Sun, Supra,*** requirements to overcome any claim of harmless error. As such, Petitioner moves this Court to vacate his guilty plea conviction and sentence, or grant him other relief as justice may require. Further, Petitioner contends his right to counsel for his defense was violated. Specifically, Petitioner submits that, similar to the Court's inadequate advice or warning of the immigration consequences of the guilty plea, defense counsel likewise failed to meet his constitutional obligation,

in failing to advise the Petitioner of any immigration consequences of entering a guilty plea. *See  Martinez v. State*, No. 14-98-01377-CR (Tex.App.Dist.14 **01/20/2000).** The trial Court erred in failing to admonish the defendant, in connection with his guilty plea, of the potential immigration consequences of the plea in violation of **Tex. Crim. P. Code Ann.§26.13(a)(4);** *Fakaye v. State,* **192 S.W.3d 112 (Tex.App.2006)**.Texas has also extended its protection under its state advice statute to situations where the record is silent regarding the defendant's status as a U.S citizen and whether he was aware of the immigration consequences of the plea. *See VanNortrick v. State*, **191 S.W 3d 490 (Tex.App.Dallas 2006)**.

**6.**      In the instant case, a review of the record will reflect that the Petitioner was not **advised** or **warned** about the immigration consequences of pleading guilty to a charge of a felony which a sentence of one year or more could be imposed, committed within 5 years after admission to the United States or 10 years in the case of an alien provided lawful permanent  resident, Other than the general language of the government advisory statute that deportation, exclusion, and denial of naturalization may result if not a United States citizen. The parties in this proceeding **knew** or **should have known** Petitioner was not a United States citizen. **He disclosed this information to defense counsel.** This is not a case where counsel made a strategic decision not to advise his client, but rather a case arising from counsel's failure to investigate and familiarize himself with the immigration consequences of his client's guilty plea. **See *People v. Soriano*, 194 Cal.App.3d 1470, 240 Cal.Rptr.328 (1987); see *also In re Resendiz*, 25 Cal.4th 230 (2001)** - the plea should be vacated as unconstitutional because it was based on ineffective and unprofessional advice.

7.      It was not until Petitioner was taken into immigration custody, served with a Notice to Appear ("NTA") before an Immigration Judge ("IJ"), that he understood that his **February 14ᵗʰ, 2008** guilty plea rendered him inadmissible/deportable from the United States. The Department of Homeland Security- Immigration & Customs Enforcement ("ICE") officials served the Petitioner on **December 18ᵗʰ , 2009** with a **"NTA" in pursuant to INA —§237(a)(2)(b)(i) and INA—§ 237(a)(2)(A)(iii)** [Of which in support, the case no. **SA-07-CR-540 (03)-XR** was stated as the ground for removal/ deportation/ inadmissibility, in that the Petitioner have been convicted of a crime concidered an aggravated felony committed within five years after admission or 10 years to an alien provided with lawful permanent resident for which a sentence of one year or more was/may be imposed. Petitioner's conviction to the Count to which he plead guilty did not constitute an aggravated felony at the time of the Plea colloquy and that it was only the incompetence of his attorney that prevented the record from clearly showing that his crime was not an aggravated felony.

Attorneys have a duty to advise criminal defendants of potential options in the criminal proceedings that might protect him from harsh immigration consequences. **(The *St. Cyr* Court noted that  the " American Bar Association's standards for criminal justice provides that, if a defendant faces deportation as a result of conviction, defense counsel should fully advise the defendant of these consequences." *INS v. St. Cyr*, 533 U.S. 289 (2001)**. It is insufficient for counsel to rely on the general language of the State advisory statute that deportation, exclusion, and denial of naturalization may result. *See **Daily v. State*, 61Md.App. 486, 487 A2d 320 (1985)**. In cases involving a guilty plea, the defendant must show Counsel failed to provide " the standard of attorney competence already set forth in *McMann v. Richardson*, 397 U.S. 759, 771 n.4 (1970); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); and (See  sentencing transcript Exhibit-B)**.

**8.**     But for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial; **See *Padilla v. Kentucky* 599___(2010).** (The ABA standards further provides, "*to the extent possible, defense counsel should determine and advise the defendant, sufficiently in advance of the entry of any plea, as to the possible collateral consequences that might ensue from entry of the contemplated plea.*" ABA standards for criminal justice: Pleas of Guilty, Standard **14-3.2(f) (1999).**

**9.**     The converse can also be true – that is, that the facts and circumstances show that additional concerns, such as getting released from jail, are more prevalent in the defendant's mind than immigration consequences. ***People v. Nikoic*, 12 Misc.3d 1190(A) (Richmond City, 2006)** (attorney testified that defendants "expressed to me his fervent desire not to go to jail"); ***People v. Salazar*, 2006 WL 2474559, at 4** (the "*motion papers provide no facts that would convince this Court that had he known the immigration consequences of his plea, those potential consequences would have overridden his desire for immediate release.*") Similarly, a review of the record will show that the Petitioner had expressed fervent desire to be released.

**10.**     **As *Hill v. Lockhart*, 474 U.S. at 59-60,** requires, petitioner has shown that the area where the attorney and the Court erred were of special concern to the petitioner. It is indisputable that immigration consequences were of vast importance to this Petitioner. Moreover, the Court and defense counsel failed to properly advise or warn Petitioner about the immigration consequences and his option of pleading guilty. *There is nothing in the record that would indicate that the Government would not have allowed a plea to an offense that did not carry immigration consequences.* In ***United States v. Cuoto*, 311 F.3d 179 (2nd Cir. 2002),** *the Court reversed the District Court's dismissal of the defendant's motion to withdraw her guilty plea because of ineffective assistance of counsel.*

**11.** The right to counsel, secured by the Sixth and Fourteenth Amendments to the United States Constitution and provisions of state constitutions, includes the guarantee that the defendant will receive effective representation. ***Powell v. Alabama***, 287 U.S. 45, 71 (1932); ***People v. Pope,*** 23 Cal.3d 412,422 **(1979).** "If the quality of the counsel's advice falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice. The fact that a lawyer is not familiar with the facts and law relevant to his client's case cannot meet that required minimal level."***Herring v. Estelle***, 491 F.2d 125, 128 (5ᵗʰ Cir.1974). Generally, a defendant must show that, but for counsel's error, there would have been a different outcome in the case, or the defendant would not have entered a plea of guilty to the charge at issue. ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985); ***O'Tuel v. Osborne,*** 706 F.2d 498, 501 (4th Cir.1983); ***Strader v. Garrison,*** 611 F.2d 61 (4th Cir. 1979). The record will reflect, without a doubt that Petitioner's defense counsel failed to meet his Sixth Amendment guarantees. Thus, "the essential question is whether better lawyering would have produced a different result." ***United States v. Sanchez***, 960 F. 2d 601, 612 (6ᵗʰ Cir.1992).

**12.** Further, as evidenced by Petitioner's Affidavit, the guilty plea was induced by misrepresentation, which was improper and wrongheaded. Under ***Brady v. United States***, 397 U.S. 742,755 (1970), "a guilty plea is involuntary when it is induced by threats, misrepresentation, or by promise that are by their very nature improper."The Supreme Court has held that a lawyer who disregarded specific instruction from the defendant to file a notice of appeal in a manner that is professionally unreasonable, ***See  Roe v. Flores-Ortega***, 528 U.S. 470, 477 (2000),. The Court records demonstrate that petitioner's attorney disregarded client and appeal issue suggesting ineffectiveness. The fact that Petitioner's conviction for Conspiracy to Distribute a Controlled Substance is considered an aggravated felony

(with one year or more imposed) resulting in an immigration disaster. Defense counsel should have attempted to negotiate a proper disposition openly with the prosecution, and should have argued an innocuous sentence during the sentence hearing. This was defense counsel's failure to mitigate. Counsel had a duty, at plea and sentencing proceedings to present the pending immigration consequences to the prosecution and the Court as a mitigating factor to consider in agreeing to an alternative plea or sentence. **Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000)** (*effective counsel must investigate and present available mitigating evidence at sentencing, including evidence of social history*).

**13.**     Further, this motion is not submitted to alleviate any immigration consequences of the Petitioner's criminal conviction; rather it is a motion submitted that seeks relief pursuant to **Federal Criminal & Rule 11 (b) (1) & Tex. Code, Ann. Crim. Proc., Art. 26.13 (a)(4); Ventura v. Meachum, 975 F.2d 1048, 1058 (2nd Cir.1992); United State v. George, 869 F.2d 333 (7th Cir.1989); Downs-Morgan v. United States, 765 F.2nd (11th Cir.1985).**

**14.**     The Court should grant Petitioner an evidentiary hearing on any facts controverted by the U.S. Attorney's Office. Once the evidentiary hearing is complete, the Court should find:

(a) The Petitioner was not adequately warned/advised of the immigration consequences pursuant to **Federal Criminal & Rule 11 (b) (1)** So as to make a rational plea to the charge; and

(b) Petitioner did not receive effective assistance of counsel at the time of the guilty plea. **See Padilla v. Kentucky. 599 U.S.____ (2010)**

Hence, the Petitioner should be granted post-conviction relief or granted other relief of harmless immigration consequences as justice may require in that the charge was an attempt to commit the crime.

**Wherefore,**

Based on the above and forgoing, the Petitioner, **Santiago De Jesus Rivas,** respectfully requests this Court grant all relief to which he may be entitled to in this proceeding, including, but not limited to, vacating the judgment and sentence in the case, as well as any other and further relief the court deems just and proper.

**Respectfully Submitted,**

**Santiago De Jesús Rivas,** *Pro se.*

15

## CERTIFICATE OF SERVICE

A true copy of the foregoing petition for Writ of Error Coram nobis was mailed to the United States District Court, Western District of Texas, 655 Durango Blvd, San Antonio, Texas 20850 and. the Office of the U. S. Attorney, 300 W. 15th Street Austin Texas 78701

Dated this _9_ day of _June_ , 2010.

RESPECTFULLY SUBMITTED,

BY: _____

Rivas, Santiago De Jesús, *Pro se*

A-018 630 410

WILLACY DETENTION CENTER

1800 INDUSTRIAL DRIVE.

RAYMONDVILLE, TEXAS 78580.

16

## NOTARIZED OATH OF PETITIONER

**Before me the undersigned authority, this day personally appeared, Santiago Dejesus Rivas, who first being duly sworn, says that he is the Petitioner in the above-styled cause, that he has read the foregoing motion for post-conviction relief and has personal knowledge of the facts and matters asserted herein and that each of these facts and matters are true and correct to the best of his knowledge and belief.**

**SWORN AND SUBSCRIBED TO before me under the penalty of perjury in accordance with Section 1746 of Title 28, United States Code.**

Dated this ___9___ day of _____JUNE_____, 2010.

By: _____

**Rivas, Santiago De Jesús,** *Pro se*

Sworn to me this ___9___ day of _____June_____, 2010.

_____

**NOTARY PUBLIC.**

Seal: 

ELIZABETH E. MAZA
Notary Public, State of Texas
My Commission Expires
January 26, 2011

17

## THE UNITED STATES DISTRICT COURT FOR,

## WESTERN DISTRICT OF TEXAS.

### SAN ANTONIO DIVISION

_____

R IVAS, SANTIAGO DE JESUS          X

Petitioner


Vs.                                NO.: SA-07-CR 540 (03)-XR

                                   **AFFIDAVIT**

THE UNITED STATES OF AMERICA

Respondent

_____X


1

I, **Santiago De Jesus Rivas,** hereby swear under the penalty of perjury that the foregoing facts are true and correct.

1. I am the petitioner in the above-styled cause.
2. I am currently detained by the Attorney General of the United States at the Willacy County Immigration Detention Center in Raymondville, Texas. My Alien number is **018 630 410**.
3. I make this affidavit to provide the Court with information withheld from me at trial and in support of my motion for *Writ of Error Coram nobis.*
4. My plea was not knowingly and intelligently entered. At the time of my guilty plea hearing, I did not have a clear and unequivocal understanding that entry of a plea of guilt to this charge can affect my right to remain in this country. In that matter, I had no knowledge of the immigration consequences for a plea and/or conviction of an aggravated felony of which a sentence of one year or longer was imposed, committed within forty years after a lawful permanent resident admission to the United States.
5. Had I known of the removal and deportation consequences of my guilty plea, I would not have entered this plea. Rather, I would have insisted on going to trial and contested the Government evidence. Further, I would not have authorized my attorney to accept the plea that was offered.
6. It was not until I was taken into custody, served with a Notice to Appear (NTA) before an Immigration Judge on **December 18th, 2009**, that I became aware that my **February 14th, 2008** guilty plea conviction rendered me to become ineligible to Naturalize, inadmissible and removable from the United States to the Dominican Republic.
7. The parties in this proceeding knew or should have known I was not a United States citizen.
8. My defense counsel did not talk to me about my case prior to the day of my proceedings/guilty plea. [I had only less than one hour with my defense counsel prior to my hearing.]

2

9. My defense counsel failed to inform me of any immigration consequences I would be facing as a result of a guilty plea. I would have urged him to negotiate a different plea or a guilty plea and a sentence [of less than one year] that would not subject me to automatic deportation proceedings had he brought such concerns to my attention.

10. But for defense counsel's misrepresentation, the result of the proceedings would have been different.

11. My conviction is having continuing consequences after I have completed serving the sentence where I am no longer "in custody".

12. I did not knowingly and intentionally waive these issues.

13. I affixed my signature to this affidavit as the truth of the matter asserted to the best of my knowledge and belief.

**Respectfully,**

**Santiago De Jesus Rivas,** *Pro se*

**A-018 630 410**

**WILLACY DETENTION CENTER**

**1800 INDUSTRIAL DRIVE.**

**RAYMONDVILLE, TEXAS 78580.**

**SWORN AND SUBSCRIBED TO before me under the penalty of perjury in accordance with Section 1746 of Title 28, United States Code.**

Dated this _9_ day of _JUNE_, 2010.

By: _____

**Santiago De Jesús Rivas**, *Pro se*

Sworn to me this _9_ day of _June_, 2010.

**NOTARY PUBLIC.**

Seal:

ELIZABETH E. MAZA
Notary Public, State of Texas
My Commission Expires
January 26, 2011

4

# EHIBIT (A)

Mark R. Whitworth

Assistant Chief Counsel
Department of Homeland Security
P.O. Box 1711
Harlingen, TX 78551

UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

Willacy County Detention Center

Raymondville, Texas 78580

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | |
| Santiago De Jesus Rivas Aponte | ) | |
| | ) | A18 630 410 |
| RESPONDENT | ) | |
| IN REMOVAL PROCEEDINGS | ) | DETAINED |
| | ) | |

Next hearing: March 10, 2010

PRE-HEARING DOCUMENT FILING BY THE
DEPARTMENT OF HOMELAND SECURITY

PREHRGAY.DOC

1

## PRE-HEARING DOCUMENT FILING BY THE
## DEPARTMENT OF HOMELAND SECURITY

NOW COMES NOW the Department of Homeland Security ("DHS") and files the following documents:

1.  Documents relating to the respondent's May 16, 2008 conspiracy to distribute a controlled substance conviction; case number SA-07-CR-540 (03)-XR; United States District Court; Western District, San Antonio Division (pages 1-8);

2.  Documents relating to the respondent's May 31, 2007 sale of a controlled substance conviction Docket number: CR06-0231467-S, Connecticut Superior Court (pages 9 and 10)

3.  Form I-261, Additional Charges of Removability (pages 11 and 12).

Respectfully submitted,

Mark R. Whitworth
Assistant Chief Counsel
Department of Homeland Security
P.O. Box 1711
Harlingen, Texas   78551

PREHRGAY.DOC

2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon counsel or respondent by depositing the same in the United States mail, postage paid, addressed to:

**Santiago De Jesus Rivas Aponte**
**1800 Industrial Drive**
**Raymondville, TX  78580**

This 3rd day of Feb. , 2010

Assistant Chief Counsel
Department of Homeland Security

PREHRGAY.DOC

BP-S396.058  **CERTIFICATE  OF  RECORD**  CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

I  A. Manuel,

hereby certify and attest that I am the INMATE SYSTEMS MANAGER and as such that I
am the official custodian of the records of this Institution whose official name and
address is:

         The Federal Correctional Institution
         Two Mile Drive
         Otisville, New York 10963


and that the following and attached records are true and correct copies of records
of said Institution pertaining to:

Name:  APONTE, Santiago De Jesus

Register No.  17586-014

and consisting of:  (1) Commitment
                    (2) PSI

    IN WITNESS WHEREOF, I have hereunto set my hand at the Federal Correctional
Institution in Otisville, New York.


this 8th day of December A.D. 2009.


A. Manuel
Custodian of Records

Case Management Coordinator
Title


STATE OF New York}
COUNTY OF Orange}

Subscribed and sworn to before me this 8th day of December, 2009.

_____
Signature of Officer Authorized To Administer Oaths (18 U.S.C. 4004)

Record Copy - Requester; Copy - Central File

(This form may be replicated via WP)

                                        Replaces BP-396(58) of OCT 88

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

**FILED**

# UNITED STATES DISTRICT COURT
## Western District of Texas
### SAN ANTONIO DIVISION

MAY 2 9 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ DEPUTY CLERK

UNITED STATES OF AMERICA

v.

SANTIAGO DE JESUS RIVAS APONTE
**Aliases:**   Santiago Dejesus Rivas, Rivas Santiago,
Santiago Deje Rivas-Aponte, Santiago Rivas,
Santiago D. Rivas-Aponte, Santiago J. Rivas,
Santiago D. Rivas, Santiago D. Aponte,
Santiago Dejesus Rivas-Aponte, and "Sonny"

Defendant.

Case Number   SA-07-CR-540 (03)-XR
USM Number   17586-014

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SANTIAGO DE JESUS RIVAS APONTE, was represented by Mr. Jesus Y. Cavazos.

The defendant pled guilty to Count(s) One (1) of the Indictment on February 14, 2008.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count (s) |
|---|---|---|---|
| 21 USC § 846 Contrary to 21 USC § 841(a)(1) & 21 USC § 841(b)(1)(D) | Conspiracy to Distribute a Controlled Substance, Which Offense Involved Mixtures and Substances Containing Detectable Amounts of Anabolic Steroids | March 27, 2007 | One (1) |

As pronounced on May 16, 2008, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the ___29th___ day of May, 2008.

_____
XAVIER RODRIGUEZ
United States District Judge

2

AO 245 B (Rev. 06/05)(W.D.TX.) - Imprisonment

Defendant: SANTIAGO DE JESUS RIVAS APONTE                                  Judgment--Page 2
Case Number: SA-07-CR-540 (03)-XR

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTY (30) MONTHS.** The sentence imposed herein shall run concurrently with defendant's state case out of the New Britain Superior Court, Connecticut, cause number CR06-0231467-S. Pursuant to 18 U.S.C. § 3585(b) and USSG § 5G1.3, the defendant shall receive credit for time served in federal custody from September 20, 2007.

The Court makes the following recommendations to the Bureau of Prisons:
(1) That the defendant be incarcerated in a Federal Correctional Institution as close to New York as possible.

The defendant shall remain in custody pending service of sentence.

### RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on ___10-9-09___ to ___F.C.I. Otisville___
at ___Otisville, NY_____, with a certified copy of this Judgment.

_J.M. Killian_, Warden
~~United States Marshal~~

By _A. Buchanan_, CSO _____
~~Deputy Marshal~~

3

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Defendant:  SANTIAGO DE JESUS RIVAS APONTE

Case Number:  SA-07-CR-540 (03)-XR

Judgment--Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment.

4

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Defendant: SANTIAGO DE JESUS RIVAS APONTE                                    Judgment--Page 4
Case Number: SA-07-CR-540 (03)-XR

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S. C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant: SANTIAGO DE JESUS RIVAS APONTE
Case Number: SA-07-CR-540 (03)-XR

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

6

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Defendant: SANTIAGO DE JESUS RIVAS APONTE                                    Judgment--Page 6
Case Number:  SA-07-CR-540 (03)-XR

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court,  655 East Durango Boulevard, Room G-65, San Antonio, Texas 78206.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTAL: | $100.00 | $0 | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1)  assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest,  (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

7

AO 245 B (Rev. 06/05) - Statement of Reasons

**STATEMENT OF REASONS**
(NOT FOR PUBLIC DISCLOSURE)

Defendant:  SANTIAGO DE JESUS RIVAS APONTE
Case Number:  SA-07-CR-540 (03)-XR
Western District of Texas

**Court Findings on Presentence Investigation Report**

The Court adopts the Presentence Investigation Report with the following changes.
Chapter Three of the U.S.S.G. Manual determinations by court;   The Court found that the defendant played a minor role in the offense, and
granted a two-level reduction.  Paragraph 20 is revised from 0 to -2.  Paragraphs 24 and 26 are now revised to reflect a Total Offense Level
of 17.

**Court Finding on Mandatory Minimum Sentence**

No count of conviction carries a mandatory minimum sentence.

**Court Determination of Advisory Guideline Range (Before Departures)**

| | |
|---|---|
| Total Offense Level: | 17 |
| Criminal History Category: | III |
| Imprisonment Range: | 30 to 37 months |
| Probation: | Ineligible |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $ 5,000.00  to  $ 50,000.00 |
| Restitution: | Not Applicable |

The fine is waived because of the defendant's inability to pay.

**Advisory Guideline Sentencing Determination**

The sentence is within an advisory guideline range that is not greater than 24 months and the Court finds no reason to depart.

**Court Determinations of Restitution**

Restitution Not Applicable
Total Amount of Restitution: $ 0

Defendant's SSN:  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; has also used 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
Defendant's Date of Birth:  June 10, 1964
Defendant's residence  address: 10829 210th Place,
Queens, New York

Date of Imposition of Judgment: May 16, 2008

Signed the _____ 29th _____ day of May, 2008

XAVIER RODRIGUEZ
United States District Judge



JD-CR-71 LP REV 5-99

STATE OF CONNECTICUT
SUPERIOR COURT

DOB: 06/10/1964

ORIGINAL INFORMATION **YES**   COURT DATE **12/13/2006**   AT **GA15 - NEW BRITAIN**

DISPOSITION DATE

DOCKET NO   **CR06-0231467-S**

The undersigned Prosecuting Authority of the Superior Court of the State of Connecticut charges that

SANTIAGO-RIVAS-APONTE-DEJESUS-

L, Ricos, J. Santiago

349 CHESTNUT ST. NEW BRITAIN, CT 00000

7/28/7

Did commit the offenses recited below:

Count: 1 POSS CNTRLD SBSTNC/<4 OZ MRHNA   Type/Class: M/U At: NEW BRITAIN
On or About: 11/29/2006   In Violation Of CGS/PA No: 21a-279(c)

Count: 2 SALE OF CONTROLLED SUBSTANCE   Type/Class: F/U At: NEW BRITAIN
On or About: 11/29/2006   In Violation Of CGS/PA No: 21a-277(b)

| SEE OTHER SHEETS FOR ADDITIONAL COUNTS | DATE | SIGNED (PROSECUTING AUTHORITY) |
|---|---|---|

**COURT ACTION**

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA

(JUDGE)   ☒ ATTY   ☐ PUB DEFENDER   (DATE)

TR PRIAM

GUARDIAN

| BOND **$150000** | SURETY **PS** | | ELECTION |
|---|---|---|---|
| REDUCTION | B.O. | ☐ CASH | ☐ COURT ☐ JURY |
| | Budget | APPEAL | ELECTION WITHDRAWN DATE |
| | | | ☒ SEIZED PROPERTY |

ADDITIONAL DISPOSITION   009689SW

| COUNT NO. | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT FINDING | FINE | JAIL | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | Nolle |
| 2 | 5/31/07 | G | | | G | | | 20 months 26/c-15 months Probation 2 yrs |

| DATE | OTHER COURT ACTION | | JUDGE | CONTINUANCES |
|---|---|---|---|---|

OTHER COURT ACTION

5/31/07   3 short form VOP fixed   S/ O'Keefe
A admits G
CR05-588833, CR05-587948
CR05-136599

SEE ADVISED OF THE PENALTY OF THE CHARGES?
AND OF IMMIGRATION UNC. DEFENDANT PLEAS TO BE KNOWINGLY AND VOLUNTARILY MADE.

| | DATE | PURPOSE | REASON |
|---|---|---|---|
| 1 | 1-23-07 | PC | |
| 2 | | C | |
| 3 | | VOP 12, | |
| 4 | 3-8-07 | P | |
| 5 | 4-20-07 | P | |
| 6 | 5-14-07 | | |
| 7 | 7-12-07 | PSI | |
| 8 | 9-28-07 | PSI | |
| 9 | | | |
| 10 | | | |

| FINE PAID | RECEIPT NO | MITTIMUS DATE | TRIAL TOWN | ☐ SEE REVERSE SIDE |
|---|---|---|---|---|

| PROSECUTOR ON ORIGINAL DISPOSITION | REPORTER ON ORIGINAL DISPOSITION | SIGNED CLERK | SIGNED JUDGE |
|---|---|---|---|
| McNamara | Mary L | | |

STATE OF CONNECTICUT
SUPERIOR COURT
RECORDS CENTER

DEC 03 2008

CERTIFIED COPY

BY

TITLE Admin Assistant

9

| UNIFORM ARREST REPORT JD-CR-21(1) | FOR SPBI USE ONLY | | |
|---|---|---|---|

**NAME OF ACCUSED (LAST, FIRST MIDDLE)**
RIVAS-APONTE, SANTIAGO DEJESUS

**SPBI USE ONLY**

**UAR: 9110048**

**NO., STREET, CITY, STATE AND ZIP**
349 CHESTNUT STREET
NEW BRITAIN, CT

**COMPANION U.A.R. NO.**

| SEX | RACE | DATE OF BIRTH | PLACE OF BIRTH | SOCIAL SECURITY NO. | HT. | WT. | HAIR | EYES | DOCKET NO. |
|---|---|---|---|---|---|---|---|---|---|
| M | W | 06-10-1964 | DR | 086564143 | 605 | 245 | BRO | BRO | CR16-23446? |

**PHYSICAL CHARACTERISTICS (SMT)**
SC R HND

| PHYSICAL DISABILITIES | RIGHT OR LEFT HANDED | TEETH |
|---|---|---|
| | RIGHT | |

**EMPLOYER**   POURHOUSE
105 ALYN ST
HARTFORD, CT

**OCCUPATION**
CLUB MANAGER

| MARITAL STATUS | NUMBER OF CHILDREN | EDUCATION |
|---|---|---|
| SINGLE | 3 | 13 |

| NATIONALITY | SKIN COMPLEXION |
|---|---|
| | MBR |

| ACCOMPLICES | PLACE ARRESTED |
|---|---|
| | 249 CHESTNUT ST NEW BRITAIN CT |

**PHOTO AVAILABLE**
  X  YES    X  NO

**PALM PRINTS AVAILABLE**
  X  YES    X  NO

**NAME AND ADDRESS OF RELATIVE OR PERSON TO BE NOTIFIED IN CASE OF EMERGENCY**
MARIA APONTE
MARTIN LUTHER KING BLVD
NEW BRITAIN, CT

| ALIAS/MAIDEN NAME | ALIEN REG. NO. | OPERATOR'S LICENSE NO. (MV) | STATE | DATE AND TIME ARRESTED |
|---|---|---|---|---|
| | | | | 11-29-2006 1430 |

| X SURETY | AMOUNT OF BOND 150,000 | CASH | COMMERCIAL/HAZ. MAT. | TOWN OF ARREST | TOWN OF OFFENSE |
|---|---|---|---|---|---|
| X DETAINED | | OTHER | __ CDL __ CV __ HM | 089 | 089 |

| ARRESTING OFFICER | SHIELD NO. | SIGNATURE OF ACCUSED X | SIGNED – OFFICIAL TAKING PRINTS |
|---|---|---|---|
| WILLIAMS ET AL | 253 | | Modzelsky |

| DEPARTMENT OR TROOP/ORI | MOT. VEH. __ | P.D. ID NO. | P.D. CASE NO. | NOTE AMP. |
|---|---|---|---|---|
| CT0008900 | REG. # __ | 06-6211 | 06-54280 | |

| REMARKS | F.V.   ALC.   NAR. | COURT DATE 12-13-06   11-30-06 | S.P.B.I. NO. 00923508 |
|---|---|---|---|
| | G.A. NO.   GA-15 | DATE FINGERPRINTED 08-06-2006 | F.B.I. NO. |

| CHARGE(S) AND STATUTE NO. | DATE OF OFFENSE |
|---|---|
| 21A-279(C) POSS CONT SUB | 11-29-2006 |
| 21A-277(B) POSS CONT SUB WITS | 11-29-2006 |

ID

Department of Homeland Security
Bureau of Immigration and Customs Enforcement

**Additional Charges of Inadmissibility/Deportability**

---

In:  ☒  **Removal proceedings under section 240 of the Immigration and Nationality Act**

☐  **Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act**

**In the matter of:**

Respondent

Santiago De Jesus Rivas Aponte

File No:  A18 630 410        Address:  C/O WDC
1800 Industrial Drive
Raymondville, TX  78580

There is/are hereby lodged against you, in addition to the original charge in the Notice to Appear, the following  charge(s) that you are subject to being taken into custody and deported or
removed from the United States pursuant to the following provision(s) of law:

In support of the above mentioned charge there are submitted, in addition to the factual allegations contained in the original Notice to Appear, the following allegations:

5.  You were, on May 31, 2007 convicted in Connecticut Superior Court for the offense of sale of a controlled substance.

Dated:    **February 3, 2010**                                    _____
Signature of Government Counsel)

Form I-261 (1

Notice of Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office of the Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire
to have considered in connection with you case.  If any document is a foreign language, you must bring the original and a certified English translation of the document.  If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document.  You will have an opportunity to present evidence on you own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with you full mailing address and telephone number. You must notify the Immigration Court immediately by using form EOIR-33 whenever you change your address or telephone number during the course of this proceeding.  You will be provided with a copy of this form.  Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide and address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

**Certificate of Service**

This document was served on the respondent by me    2-3-10    in the following manner and in
                                                    (Date)

compliance with section 239(a)(1)(F) of the Act:

   in person              by certified mail, return receipt requested      X      By regular mail

to:    Santiago De Jesus Rivas Aponte; C/O WDC; 1800 Industrial Drive; Raymondville, TX 78580
                                            (Alien's Address)

   The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of
the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature Government Counsel)

Form I-261(Rev. 4/1/97) N

# EHIBIT (B)

<pre>
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                     SAN ANTONIO DIVISION

 3   UNITED STATES OF AMERICA,      )
          Plaintiff,                )
 4                                  ) No. SA:07-CR-540
               vs.                  )
 5                                  ) San Antonio, Texas
     SANTIAGO DE JESUS RIVAS APONTE,) May 16, 2008
 6        Defendant.                )
     ------------------------------

 7
                    TRANSCRIPT OF SENTENCING HEARING
 8            BEFORE THE HONORABLE XAVIER RODRIGUEZ
                    UNITED STATES DISTRICT JUDGE
 9
     A P P E A R A N C E S:
10

11   FOR THE PLAINTIFF:

12   United States Attorney's Office
     Mr. David Shearer
13   601 N.W. Loop 410, Suite 600
     San Antonio, Texas 78216

14   FOR THE DEFENDANT:

15   Mr. Jesus Y. Cavazos
     Attorney at Law
16   115 East Travis Street
     San Antonio, Texas 78205

17
     COURT REPORTER:
18
     Karl H. Myers, CSR, RMR, CRR
19   Official Court Reporter
     655 E. Durango Blvd., Rm. 315
20   San Antonio, Texas 78206
     Telephone:  (210) 212-8114
21   Email:   karlcsr@yahoo.com

22   Proceedings reported by stenotype, transcript produced by
     computer-aided transcription.
23

24

25
</pre>

1           (May 16, 2008, defendant present.)

2           THE COURT:  07-CR-540, United States of America

3    versus Santiago De Jesus Rivas Aponte.

4           MR. SHEARER:  David Shearer for the United States,

5    Your Honor, ready for sentencing.

6           MR. CAVAZOS:  Jesse Cavazos for Mr. Aponte, and we

7    are ready.

8           THE COURT:  Are there any objections to the

9    presentence report?

10          MR. CAVAZOS:  May we approach, Your Honor?

11          THE COURT:  Yes.

12          (Bench conference, as follows:)

13          MR. CAVAZOS:  There was -- and Ms. Carabajal says

14   she was going to address that with the Court for a minor

15   participant.

16          PROBATION OFFICER:  I discussed the matter with

17   Mr. Shearer.  He was not opposed to the reduction of two

18   levels for minor role.  I emailed the Court regarding that --

19          MR. CAVAZOS:  The presentence report, I addressed

20   it.  It was not reflected --

21          THE COURT:  Any objection to that?

22          MR. SHEARER:  No, Your Honor.

23          THE COURT:  So paragraph 20 is now minus 2.

24          MR. CAVAZOS:  I think we are going to --

25          PROBATION OFFICER:  So we are going to end up at a

1   17 and a III.

2          THE COURT:  Paragraph 24 is 17.  Paragraph 26 is 17.

3          PROBATION OFFICER:  Supervised release remains --

4          THE COURT:  Does he go down to --

5          PROBATION OFFICER:  These are my notes, just in the

6   event that there were other -- anything regarding the weapon

7   and stuff.

8          THE COURT:  So we are at III and 17, right?

9          PROBATION OFFICER:  Yes, Your Honor.

10          MR. CAVAZOS:  Yes, sir.

11          MR. SHEARER:  And we wouldn't have a problem if the

12   Court ran it concurrent with his state sentence that I think

13   he is currently serving under.

14          PROBATION OFFICER:  He served roughly eight months

15   on that; it is related to the instant offense, Your Honor.

16          MR. CAVAZOS:  That one is possession, and this one

17   is conspiracy.

18          PROBATION OFFICER:  Well, resulting out of the same

19   events.

20          THE COURT:  Same events.  Okay.

21          MR. SHEARER:  We didn't double count the drugs.

22          PROBATION OFFICER:  Right.  We didn't consider it --

23   we didn't score it for criminal history purposes.

24          MR. CAVAZOS:  He hadn't actually started -- well, he

25   had bought some drugs, but he actually made one -- I think he

1    was selling to friends and then he delivered some money to the

2    main guy one time.

3              THE COURT:  I am getting a lot of letters from his

4    family.  Is this guy getting deported right after this?

5              MR. CAVAZOS:  I think he is --

6              THE COURT:  He is from the Dominican Republic?

7              MR. CAVAZOS:  I think he is a citizen.

8              THE COURT:  Is he a citizen?

9              MR. CAVAZOS:  If I am not mistaken.

10             PROBATION OFFICER:  I don't think he is a citizen,

11   Your Honor.

12             MR. SHEARER:  He has a detainer -- Dominican

13   Republic citizenship on page 2.

14             MR. CAVAZOS:  The Court can inquire.

15             THE COURT:  Okay.

16             MR. CAVAZOS:  He has been working under the auspices

17   that he was going to get about 20 months, but --

18             MR. SHEARER:  Well, Judge --

19             MR. CAVAZOS:  We didn't know.  We didn't know.

20             THE COURT:  How long has he been in prison already?

21             PROBATION OFFICER:  Eight months on the other

22   charge.

23             MR. CAVAZOS:  And he is here on a writ.

24             THE COURT:  Because that is my concern.  He has been

25   here on a writ, so he has been in for eight months.  He is not

1    going to get credit for time on that, is he?

2            PROBATION OFFICER:  I'm sorry?

3            THE COURT:  If I give him a sentence of 30 months --

4    he has been arrested since September 20, 2007.  Will the BOP

5    give him credit for that?

6            PROBATION OFFICER:  If the Court --

7            THE COURT:  Or do I need to go down to 22?

8            PROBATION OFFICER:  If the Court imposes a sentence

9    of 30 months, but to be given credit back to that date, then

10   the BOP will do that.

11           MR. SHEARER:  We'd prefer that, than the Court

12   manipulating the guidelines.

13           THE COURT:  Okay.  I just want to make sure he gets

14   the credit.

15           PROBATION OFFICER:  Yes.  The BOP, as long as you

16   say that on the record, they will do that.

17           THE COURT:  Okay.

18           PROBATION OFFICER:  Also, Your Honor, you mentioned,

19   you asked regarding his citizenship here.  He is a lawful

20   permanent resident here in the United States and may be facing

21   deportation upon completion of his sentence.

22           THE COURT:  Okay.  I am not going to worry about

23   that now.  Okay.  Thanks.

24           MR. CAVAZOS:  He would like to be placed close to

25   New York.

1        THE COURT:  New York?  That makes sense too.  Okay.

2        (End of bench conference.)

3        THE COURT:  Mr. Aponte, I have handled some

4    objections to the PSR here at the bench.  You were initially

5    at III and 19.  You are now at a Criminal History Category

6    III and a Total Offense Level of 17.  Should the Court apply

7    the sentencing guidelines, the guidelines recommend but do not

8    require custody between 30 to 37 months, supervised release of

9    between two to three years, a fine of between $5,000 and

10   $50,000, and a special assessment of $100.

11       And I will now turn to allocution.  Anything

12   further, Mr. Cavazos?

13       MR. CAVAZOS:  Your Honor, he accepted

14   responsibility.  We ask that he be given credit for time

15   served.  It has been since September of 2007.  And that time

16   running concurrent with his case in Connecticut, and hopefully

17   that will run concurrent with San Antonio.

18       MR. SHEARER:  We concur with those guidelines, Your

19   Honor.

20       MR. CAVAZOS:  And I objected.  And in my opinion, he

21   was a minimum participant.  I guess the PO stated that he is a

22   minor participant.

23       THE COURT:  And I have given you those two points

24   off.  I have sustained that objection.

25       Mr. Aponte --

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  -- would you like to address the Court?

3        THE DEFENDANT:  Yes, Your Honor.  Your Honor, first

4   of all, good day to you, and good day to the Court.  I take

5   full responsibility for my actions, Your Honor.  But first,

6   Your Honor, I would just like to bring out, I have some issues

7   regarding my PSI.  Okay?

8        If you will take a moment in my PSI, if you will

9   turn to page 4, part 5.  Your Honor, it clearly states in

10  March of '07, Timothy Lofton, the organizer in this

11  conspiracy, was arrested with 41,000 dosages, 42,000 vials.

12  Okay?

13       If you Your Honor would turn to page 6, part 10,

14  upon my arrest, I was arrested with about 2,455 dosages.  I

15  took the liberty of calculating it myself.  And I know there

16  is a difference between dosages and what I pled out to.  And

17  in total, it is only 1,176, which is the equivalent to five

18  cycles, which is really what I was using for myself.  Okay?

19       Again, Your Honor, if you could also turn to page 5,

20  part 8.  I am being charged with 41,000 dosages, and what I

21  had on my possession was less than five percent.  You know, my

22  role is minimal.  I have no idea what is raw material and

23  steroids.  I just used it.

24       And I make no excuses for my usage.  I make no

25  excuses for my actions.  My actions cost me dearly, my family,

1    my friends, my children, my daughter, who won't talk to me, my

2    son, who right now is in foster care.

3            Your Honor, I just want to put this behind me.  I

4    want to get back to society.  I want to be able to just pay my

5    taxes and take care of my children the way I always have.

6            And I make no excuses for what I have done.  I know

7    that I am guilty for my actions, my actions only.  And I

8    just --

9            THE COURT:  Yes.  I can explain for you, if you

10   didn't understand the previous explanations from your lawyers

11   or from the probation office.  The reason they are calculating

12   on the basis of the total 41,000 dosage units of anabolic

13   steroids, you pled guilty to conspiracy to distribute anabolic

14   steroids, so even though you might have been only handling a

15   certain part, when you are charged with a conspiracy in

16   federal court for drug offenses, you are charged with

17   knowledge and possession of all of the drugs involved in the

18   conspiracy, so that is how you got the higher amounts

19   attributed to you.

20           I will take into account what you are telling me,

21   though, in sentencing.  Now, one thing that you do say,

22   though, that is concerning me, when you say that you were only

23   using for your personal amount, are you backtracking off that

24   you were involved in a conspiracy to distribute these drugs?

25   You are not saying you are just a mere purchaser for yourself,

1    are you?

2           THE DEFENDANT:  Absolutely, sir.  I mean, I

3    purchased for myself.  Did I do anything other than that?

4    There are about five, six, seven guys in the gym that would

5    swap items between each other.

6           At one point, Mr. Lofton had given me a phone call,

7    and he tells me that he needs me to redirect a certain amount

8    of money, $300.  Within that time, Mr. Lofton had already been

9    arrested.  He was basically coerced to pull me into this

10   conspiracy.

11          Again, I am very guilty of what I have done, but the

12   amounts of raw material in the conspiracy itself, I just -- I

13   can only pray that you will just take that into consideration,

14   sir.

15          MR. SHEARER:  Your Honor, when the Court looks at

16   the plea agreement --

17          THE COURT:  That's what I am going back to right

18   now.

19          MR. SHEARER:  -- at page 3, the last sentence of the

20   factual basis for sentencing purposes -- I'm sorry.  The

21   parties all agree for sentencing purposes that the proper

22   amount is in excess of 41,000 dosage units of anabolic

23   steroids, and it cites the specific guideline section.

24          THE COURT:  Yes.  I am not worried about that

25   anymore, but I am --

1        MR. SHEARER:  And then the paragraph above that,

2    Your Honor, includes Mr. Aponte's post-arrest statements,

3    wherein it says that he received and resold steroids from

4    Lofton.

5        It also says in there that he was aware that Lofton

6    supplied people all over the country, and it includes

7    additional information, that because Lofton was having

8    problems, law enforcement were seizing packages of money

9    addressed to him, this defendant would receive money from some

10    of these other customers and then transmit that to Mr. Lofton.

11        Your Honor, this 41,000 dosage units is a one-day

12    snapshot in a year-and-a-half-long conspiracy.

13        THE COURT:  Yes.  I am not worried about the 41,000

14    anymore.  I just wanted to make sure there was a factual basis

15    for a conspiracy, and I am satisfied that that is still there.

16        Okay.  Anything further from the government?

17        MR. SHEARER:  Just finally, Your Honor, and this is

18    probably hard for Mr. Aponte to understand, because he is from

19    Connecticut, but the Fifth Circuit pattern jury instructions,

20    when they talk about distribution, it includes handing drugs

21    to another person, even if you don't get money back, so maybe

22    that helps allay some of his concerns.

23        THE COURT:  Mr. Aponte, I realize you had a minor

24    role.  I gave you a minor role adjustment, and I am still

25    going to give you -- I am not going to withdraw on that.

1          Considering all of the 3553(a) factors -- you were

2     initially looking at 46 months -- I sentence you to the

3     custody of the Bureau of Prisons for a term of 30 months.   I

4     am going to order that the BOP give you credit for the time

5     that you have been incarcerated in the state court system,

6     which was back on September 20, 2007, so that is going to give

7     you a credit of, what, seven or eight months, so the effective

8     term will be about 22 months or thereabouts.

9          The sentence is to run concurrent with your

10    Connecticut state court case.   Upon release from imprisonment,

11    you will be ordered to serve a term of supervised release of

12    three years.

13         While on supervised release, you will comply with

14    the mandatory and standard conditions adopted by the Court on

15    May 27, 2004.

16         The Court finds that you do not have the ability to

17    pay a fine and, therefore, a fine will not be imposed.   It is

18    ordered that you pay the United States a special assessment of

19    $100.

20         I am going to recommend that you be placed in a

21    facility as close to New York as possible.

22         You have the right to appeal the sentence imposed in

23    this case, unless as part of a plea agreement you have waived

24    that right.   The Court will order that the presentence report

25    be sealed and made a part of the record.   Should application

1    of the guidelines be appealed, the report will be made

2    available to you -- or made available to the court, appellate

3    court for appellate purposes only.

4           Good luck to you, sir.

5           THE DEFENDANT:  Thank you, sir.

6           MR. CAVAZOS:  May I be excused, Your Honor?

7           THE COURT:  Yes.

8           *-*-*-*-*-*-*-*-*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                          *-*-*-*-*-*-*-*

 2   UNITED STATES DISTRICT COURT )

 3   WESTERN DISTRICT OF TEXAS      )

 4            I certify that the foregoing is a correct transcript

 5   from the record of proceedings in the above-entitled matter.

 6   I further certify that the transcript fees and format comply

 7   with those prescribed by the Court and the Judicial Conference

 8   of the United States.

 9   Date signed:

10

11                         /s/ Karl H. Myers

12                         _____
                           KARL H. MYERS, CSR, RMR, CRR
                           Official Court Reporter
13                         655 East Durango Blvd., Suite 315
                           San Antonio, Texas 78206
14                         (210) 212-8114

15

16

17

18

19

20

21

22

23

24

25
```