FILED
AUG 0 5 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | § § | |
| Plaintiff-Respondent | § § | Civil Action No. SA-10-CA-512-XR |
| v. | § § | Criminal Case |
| SANTIAGO DE JESUS RIVAS APONTE, | § § | No. SA-07-CR-540(3)-XR |
| Defendant-Movant | § | |

## ORDER

Before the Court is Defendant Santiago De Jesus Rivas Aponte's memorandum of law in support of petition of error coram nobis under 28 U.S.C. § 1651 regarding his conviction and sentence following a guilty plea in No. SA-07-CR-540(3)-XR (Docket Entry No. 98). This Court previously denied Defendant's 28 U.S.C. § 2255 motion challenging the same conviction. The grounds raised by Defendant in the present pleading were previously raised in the previous § 2255 motion, including a claim that defense counsel did not advise Defendant of deportation consequences. However, Defendant points out that the Supreme Court has issued an opinion in *Padilla v. Kentucky*, 559 U.S. ___ (2010), holding that defense counsel has a duty to advise a defendant of the deportation consequences of a guilty plea.

Construing Defendant's current pleading as a motion to reconsider this Court's denial of his § 2255 motion, the motion shall be denied. A change in decisional law is not a basis for relief under Fed. R. Civ. P. 60(b). *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Hess v. Cockrell*, 281 F.3d 212 (5th Cir. 2002). Moreover, the previous § 2255 motion was dismissed as barred by the statute of limitations. Defendant's current pleading does not discuss the holding that the § 2255 motion was time-barred. Additionally, the statute of limitations calculation would not be different in light of *Padilla v. Kentucky*, because the Supreme Court in *Padilla* did not state it was retroactively applicable to cases on collateral review, such that the limitations period would begin when that opinion was issued. *See* 28 U.S.C. §

2255(f)(3).

Construing Defendant's current pleading as a § 2255 motion challenging his conviction, the motion shall be dismissed. A defendant who has previously filed a § 2255 motion attacking a federal sentence may not proceed with a second or successive § 2255 motion without the authorization of the Court of Appeals that the second or successive motion alleges newly discovered evidence or is based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See In re Tolliver*, 97 F. 3d 89, 90 (5th Cir. 1996). Defendant failed to present an order to this Court from the Fifth Circuit Court of Appeals authorizing the filing of this successive motion. Furthermore, the motion is also barred by the one-year statute of limitations applicable to § 2255 motions.

Therefore, construing Defendant's pleading as a motion for reconsideration of this Court's previous Order denying his § 2255 motion, the Motion is **DENIED**; and in the alternative construing the pleading as a § 2255 motion, it is **DISMISSED** as successive and for failure to obtain the authorization of the Court of Appeals to file a successive motion and as barred by the one-year statute of limitations pursuant to § 2255.

For the reasons set out in this Dismissal Order, Petitioner fails to make "a substantial showing of the denial of a federal right" as required by 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *see also* Rules Governing Section 2255 Proceedings in the United States District Courts Rule 11(a). Also for the same reasons, Petitioner does not have a "good faith" non-frivolous issue for appeal as required for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3). Accordingly, Petitioner is **DENIED** a certificate of appealability and **DENIED** leave to proceed in forma pauperis on appeal.

SIGNED: August 5, 2010

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE